JULIE WRIGHT, Petitioner-Appellant, v. HARRY WRIGHT, Respondent (J.W., Respondent-Appellee).

Fourth District   No. 4—91—0617

Opinion filed November 27, 1991.

James P. Brinkoetter, Jr., of Decatur, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Petitioner Julie Wright filed a petition in the circuit court of Macon County, requesting an order of protection under the provisions of the Illinois Domestic Violence Act of 1986 (Act) (Ill. Rev. Stat. 1989, ch. 40, pars. 2311—1 through 2313—5). The petition was brought on behalf of T.W. and N.W., petitioner's minor daughters. Respondents were Harry Wright, husband of petitioner and father of T.W. and N.W., and 14-year-old J.W. J.W. is the son of Harry Wright. The record is conflicting as to whether J.W. is the natural son or stepson of petitioner.

The petition alleged that T.W. and N.W. had been sexually abused by J.W. over a lengthy period of time at their home. The petition further alleged that Harry Wright intended to bring J.W. back into the home with the petitioner and the girls, despite knowledge of the alleged abuse. The petition asked for an order of protection against both Harry and J.W., prohibiting physical abuse, harassment, interference with the personal liberty of petitioner and the girls, intimidation of a dependent, and wilful deprivation. It further asked that exclusive possession of the marital residence be granted to petitioner, and that respondents be prohibited from entering the residence or remaining there. It also requested that petitioner be given temporary legal custody of the minor girls, and for other relief not relevant to our disposition of this appeal.

An *ex parte* emergency order of protection was entered by the court on August 7, 1991, restraining both respondents from having any contact with petitioner or the minor girls, and awarding exclusive possession of the marital residence and temporary legal custody of the minor girls to petitioner. The emergency order was to expire August 21, 1991. Respondents were personally served with this order and with summons to appear for a hearing on the extension of the order. Petitioner retained counsel, and she filed an amended petition for an order of protection on August 13, 1991, asking for substantially the same relief as was granted by the *ex parte* emergency order.

Petitioner and respondents were present at a hearing on August 15, 1991. Petitioner was represented by her counsel, and respondents were jointly represented by counsel. The only witness to testify at the hearing was James McQuaid, a police officer with the Decatur police department. He testified to an interview he had with J.W., in which J.W. had admitted twice putting his hands inside

T.W.'s pants and touching her vagina. He also admitted that N.W. had, at his request, touched his penis on one occasion. Respondents' counsel did not cross-examine the witness, and he put on no evidence on behalf of respondents.

Petitioner's counsel requested that an order of protection be issued against J.W., as well as against Harry. When asked by the trial court if he had any objection to an order against J.W., respondents' counsel said he had no objection to an order that merely prohibited J.W. from touching or threatening his sisters, but he would object to any order that would have the effect of restraining J.W. from living at the family home. He raised the question of where J.W. would live if he were not allowed to be in the presence of his sisters, since that would necessarily mean he would not be permitted to be in the home. Counsel further suggested the matter would be better handled in a juvenile proceeding. In response to the court's inquiry as to whether any juvenile proceeding had been instituted, petitioner's counsel indicated Officer McQuaid had requested the State's Attorney to file a juvenile petition, but that nothing had yet been filed.

The trial court expressed concern about the propriety of such an order being entered against a minor and suggested the juvenile court as the proper forum. In response to the court's query about what would happen if J.W. were to violate such an order, petitioner's counsel indicated he believed J.W. would be subject to a juvenile proceeding, since such a violation would constitute a criminal offense. After reasoning that the Act was not the proper medium for the relief sought against J.W., the trial court declined to enter an order as to J.W., but ordered Harry Wright not to allow any contact between J.W. and his sisters for a period of one year. Petitioner appeals from the trial court's denial of an order of protection against J.W.

We note that appellee has filed no brief on appeal. Thus, we must decide whether we are able to dispose of the appeal without the filing of such a brief. Ordinarily, where the appellee files no brief, the record is simple, and the claimed error can be decided without such assistance, we may decide the appeal despite having received only the appellant's brief. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) We conclude that we can decide this case, even though appellee has not filed a brief.

Appellant has cited no case in support of her contention that the trial court had authority under the Act to enter an order of

protection against J.W. Likewise, we have discovered no case law dealing with the precise question now before us. That question is whether an order of protection under the Act may be entered against a minor. We hold that such an order may be entered.

The apparent concern of the trial court at the hearing on the motion to extend the order of protection was whether it had jurisdiction under the Act to enter such an order against a minor. That concern seems to have stemmed from questions surrounding the application to a minor respondent of penalties which may be imposed for violation of an order of protection.

■■ There can be no doubt that J.W. is a family or household member as defined in section 103(5) of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 2311—3(5)). Those who are protected by the Act include any person abused by a family or household member. (Ill. Rev. Stat. 1989, ch. 40, par. 2312—1(a)(i).) A petition for an order of protection under the Act may be filed by any person on behalf of a minor child who has been abused by a family or household member. (Ill. Rev. Stat. 1989, ch. 40, par. 2312—1(b)(i).) Thus, petitioner had authority under the Act to file a petition on behalf of her minor daughters.

■ Since there is no case law to assist us in deciding this question, we must be guided solely by the wording of the statute itself. Section 214(a) of the Act provides, in pertinent part, as follows:

> "If the court finds that petitioner has been abused by a family or household member *** an order of protection prohibiting such abuse, neglect, or exploitation shall issue ***. *Petitioner shall not be denied an order of protection because petitioner or respondent is a minor.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 40, par. 2312—14(a).)

It is apparent from the quoted language that the legislature intended that orders of protection may be entered against minors, as well as against adults.

The trial court expressed doubts about what remedies would be available to petitioner if an order of protection were entered against J.W. and he violated the terms of the order. This question is not before us in this appeal, and we decline to speculate as to what remedies would be available, or appropriate, in a case such as this. Our holding is limited to the specific finding that a trial court *does* have authority under the Act to enter an order of protection against a minor. Accordingly, because of the trial court's erroneous view of the law, we reverse its denial of the order of protection as to J.W.

At the hearing in the court below, the judge indicated he would enter the requested order of protection against J.W. if it was possible to grant such relief. Despite this statement, and with the knowledge that entry of an order of protection in this case is indeed authorized by the Act, we believe the appropriate procedure is to remand this case to the trial court for further hearing, to determine whether the entry of an order of protection against J.W. is appropriate and, if so, what terms should be included in that order.

Reversed and remanded.

GREEN and KNECHT, JJ., concur.